IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DAVID DARNELL BRITT AND | § | CASE NO. 19-42383 |
| PANDORA HENDERSON BRITT, | § | (Chapter 13) |
| | § | |
| DEBTORS | § | |

**AGREED ORDER ON ENGS COMMERCIAL FINANCE CO.'S
MOTION FOR RELIEF FROM AUTOMATIC STAY**

[Resolves Docket No. 25]

On this day came on for consideration the *Motion for Relief from Automatic Stay* [Dkt. #25] (the "**Motion**") filed by ENGS Commercial Finance Co. ("**ENGS**"), and the parties announced the following agreement:

a. David Darnell Britt and Pandora Henderson Britt, the debtors ("**Debtors**") in the above-captioned bankruptcy case (the "**Bankruptcy Case**"), are indebted to ENGS pursuant to that certain Commercial Finance Agreement [Contract #54818] dated January 28, 2015 (as amended by that certain Correction Amendment dated March 23, 2015, the "**Contract**") for the purchase of a 2013 Peterbilt 386 Sleeper Tractor, VIN #1XPHD49XXDD156042 (the "**Collateral**"), which is owned by Debtors in their individual capacities. The Contract requires Debtors to pay ENGS monthly payments of $1,885.74 on or before the fifteenth (15th) day of each month.

b. ENGS has a properly perfected security interest in the Collateral.

c. As of September 2, 2019 (the "**Petition Date**"), the outstanding balance owed under the Contract, *i.e.* the payoff amount, was $23,729.64 and the approximate value of the Collateral was $26,100.00.

    d.    Debtors have failed to make any payments to ENGS since the Petition Date, thereby accruing post-petition arrearages under the Contract ("**Post-Petition Arrearages**").

    e.    In connection with the Motion, ENGS has incurred reasonable and necessary attorneys' fees of not less than $500.00 and statutory filing fees of $181.00.

    f.    Debtors agree to pay ENGS: (a) the full amount of ENGS' secured claim, including all Post-Petition Arrearages, with interest at 7.00%; and (b) the attorneys' fees and costs incurred by ENGS in bringing the Motion in the total amount of $681.00 with no accruing interest.

    g.    Debtors' agree to keep the Collateral fully insured in accordance with the terms of the Contract, with ENGS listed as the loss payee, until such time as all indebtedness owed by Debtors to ENGS has been satisfied in full.

Based on the agreement between Debtors and ENGS, and having considered all other evidence presented, the Court finds that just cause exists for the entry of the following Order. Accordingly, it is therefore, **ORDERED, ADJUDGED, AND DECREED** as follows:

    1.    Within ten (10) days of the entry of this Order, Debtors shall amend their Chapter 13 Plan [Dkt. #23] to provide for: (a) full payment of ENGS' secured claim as of the Petition Date in the amount of $23,729.64, which includes Post-Petition Arrearages of $5,657.22, with interest at 7.00%; and (b) payment of ENGS' attorneys' fees and costs incurred in bringing the Motion in the amount of $681.00, with the Chapter 13 Trustee of Debtors' bankruptcy estate (the "**Trustee**") acting as disbursing agent.

    2.    Debtors shall timely make all monthly payments to the Trustee when due pursuant to the terms of Debtors' confirmed Chapter 13 Plan.

3. Debtors shall at all times maintain comprehensive insurance on the Collateral, as required by the Contract, with ENGS named as loss payee until such time as all indebtedness owed by Debtors to ENGS has been satisfied in full.

4. If Debtors default under any term(s) of this Order, ENGS shall provide written notice of the default (a "**Notice of Default**") to the Debtors at 506 Colgate Drive, Allen, Texas 75013, with a copy sent via e-mail to Debtors' undersigned counsel. If said default in not cured within fourteen (14) days of the date of the Notice of Default, the automatic stay imposed by 11 U.S.C. § 362, including any applicable co-Debtor stay (the "**Automatic Stay**"), is immediately terminated as to ENGS and the Collateral without further notice or order of this Court.  ENGS is required to send only two (2) Notices of Default, such that upon Debtors' third default under this Order, the Automatic Stay is immediately terminated as to ENGS and the Collateral without further notice or order of this Court.

5. Upon the termination of the Automatic Stay, pursuant to the terms of this Order or otherwise, ENGS is permitted to exercise all rights and remedies with respect to the Collateral, including, without limitation, repossession and foreclosure.

6. If this Bankruptcy Case is converted from Chapter 13 to a case under a different Chapter of the Bankruptcy Code, this Order shall remain binding on the parties hereto and their successors.

7. If this Bankruptcy Case is dismissed, this Order shall be deemed null and void and neither party shall be bound by its terms.

8. The 14-day stay imposed under FED. R. BANKR. P. 4001(a)(3) is hereby waived and this Order shall become effective on the date this Order is signed by the Court.

Signed on 10/30/2019

*Brenda T. Rhoades*   SR

HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

**AGREED AS TO FORM AND SUBSTANCE:**

| | |
|---|---|
| **KANE RUSSELL COLEMAN LOGAN PC** | **RUBIN & ASSOCIATES, P.C.** |

By:   */s/ S. Kyle Woodard*  
      Michael P. Ridulfo  
      State Bar No. 16902020  
      S. Kyle Woodard  
      State Bar No. 24102661

By:   */s/ Mark S. Rubin (with permission)*  
      Mark S. Rubin  
      State Bar No. 17361550  
      Kelli L. Johnson  
      State Bar No. 24053317

901 Main Street, Suite 5200  
Dallas, Texas 75202  
(214) 777-4200 (Telephone)  
(214) 777-4299 (Facsimile)  
E-mail: mridulfo@krcl.com  
E-mail: kwoodard@krcl.com

13601 Preston Road, Suite 500E  
Dallas, Texas 75240  
(214) 742-6900 (Telephone)  
E-mail: bankruptcy2@rubin-owens.com

**ATTORNEYS FOR DEBTORS**

**ATTORNEYS FOR ENGS COMMERCIAL FINANCE CO.**